IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALICE MANGRUM and )
DANNY CHARLTON )
                                  )
        v.                        )        NO. 3:15-0692
                                  )
MONICA CHARLTON                   )


TO:     Honorable Aleta A. Trauger, District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 29, 2015 (Docket Entry No. 3), the court referred the above captioned action to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and recommendation on all dispositive motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Alice Mangrum and Danny Charlton filed this federal lawsuit pro se on June 23, 2015, against Monica Charlton, who appears from the allegations contained in the Complaint to be a relative of the two plaintiffs. The plaintiffs allege that the defendant, who had been named the conservator for their elderly and disabled father, misused their father's Veterans Administration payments, committed fraud, and failed to fulfill her fiduciary duty of using her father's money to pay for his care. As a result, they contend that they were required to personally pay for $33,689.01 of expenses associated with the care of their father. They further allege that the defendant told lies about them and falsely reported to authorities that the plaintiffs had abused their father. All parties in the action are asserted to be residents of Tennessee.

The scenario presented by the plaintiffs' allegations, which the court must presume to be true at this stage of the lawsuit, is tragic. However, the plaintiffs' claims cannot be heard by this court,

and they should have pursued them in state court.  This court lacks subject matter jurisdiction over the lawsuit.

The federal courts of the United States are not courts of general jurisdiction.  Rather, they are empowered to hear only those cases falling within the judicial power of the United States as defined in the Constitution, or those matters specifically committed to their authority by an act of Congress. Because the issue of the court's subject matter jurisdiction to hear a case is a threshold issue, it may be reviewed by the court at any time.  See New Hampshire Co. v. Home Sav. & Loan Co. of Youngstown, Ohio, 581 F.3d 420, 423 (6th Cir. 2009); Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890 (6th Cir. 1998).

As the parties invoking federal jurisdiction, the plaintiffs bear the burden of establishing that subject matter jurisdiction exists.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); Lewis v. Whirlpool Corp., 630 F.3d 484, 487 (6th Cir. 2011). Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that a Complaint contain "a short and plain statement of the grounds for the court's jurisdiction."  Typically, a plaintiff establishes a federal court's subject matter jurisdiction by demonstrating that a right created by the Constitution or laws of the United States is an essential element of the claim and, thus, federal question jurisdiction under 28 U.S.C. § 1331, or by demonstrating that the plaintiff and the defendant are citizens of different states and that the amount in controversy meets a requisite level and, thus, diversity jurisdiction exists under 28 U.S.C. § 1332.

In the instant action, even when the court construes the plaintiffs' Complaint liberally as required for pro se litigants, see Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Herron v. Harrison, 203 F.3d 410, 414 (6th Cir. 2000), there are simply no facts alleged that show that this court has either diversity or federal question jurisdiction over the lawsuit.  The parties, who are all alleged to be residents of Tennessee, are not diverse.  Further, there are no allegations in the Complaint that raise a discernable federal question.

This court is charged with the duty of assessing its own jurisdiction and must <u>sua</u> <u>sponte</u> dismiss a case in which subject matter jurisdiction is lacking, <u>see</u> <u>Nagalingam v. Wilson, Sowards, Bowling & Costanzo</u>, 8 Fed.App'x. 486, 487, 2001 WL 493392 (6th Cir. May 1, 2001), and Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that the Court "must dismiss" an action if the court determines that it lacks subject matter jurisdiction. Accordingly, because there is no basis in the Complaint for the assertion of subject matter jurisdiction over this lawsuit, the action should be dismissed.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge