IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALICE MANGRUM and DANNY CHARLTON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-0692 |
| | ) |
| | ) Judge Trauger |
| MONICA CHARLTON, | ) Magistrate Judge Griffin |
| | ) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

Plaintiff Alice Mangrum has submitted an undated letter asking the court not to dismiss her case. The court directed that the letter be filed and made part of the record in this action and that it be served upon all parties. (ECF No. 15.) The court now construes this letter (ECF No. 16) as the plaintiff's objection to the Report and Recommendation ("R&R") (ECF No. 5) filed by Magistrate Judge Juliet Griffin, recommending that this action be dismissed *sua sponte* for lack of subject-matter jurisdiction.

After Judge Griffin filed the R&R, defendant Monica Charlton filed a motion to dismiss for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim for which relief may be granted. (ECF No. 7; *see also* Memorandum of Law, ECF No. 8.) Thereafter, plaintiff Danny Charlton submitted a letter addressed "to whom it may concern," stating simply that he had "no interest in this case" and "would appreciate the removal of [his] name as Plaintiff against Monica Charlton." (ECF No. 12.) He adds that, although the complaint identifies him as a plaintiff, he did not sign the complaint and had no involvement in the initiation of this lawsuit. (*Id.*)

For the reasons set forth herein, the Court will overrule the plaintiff's objection, accept the R&R, and dismiss this action for lack of subject-matter jurisdiction. The defendant's motion to dismiss and plaintiff Charlton's motion for voluntary dismissal of his claims will be terminated as moot.

**I.    Standard of Review**

After being served with a magistrate judge's recommended disposition, any party may, within fourteen days, "serve and file specific written objections to the proposed findings and recommendations."

Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. Discussion

The plaintiff here filed a timely objection to the recommendation that her complaint be dismissed, and attempts to address the issue of jurisdiction. The court therefore conducts a *de novo* review of the R&R and the entire record, and finds that the magistrate judge's recommendation is correct.

Based on the allegations in the complaint, it appears that plaintiffs Alice Mangrum and Danny Charlton are siblings and that defendant Monica Charlton is Danny Charlton's daughter. Willaim Charlton is Alice and Danny's father and Monica's grandfather. The plaintiff alleges that Monica Charlton committed fraud by keeping money that she was supposed to use to pay William Charlton's bills. Alice Mangrum insists that Monica Charlton owes her $33,689.01 for amounts that Alice Mangrum has spent, apparently out of her own pocket, on William Charlton's healthcare costs. (ECF No. 1.)

Judge Griffin reasonably interpreted the plaintiff's vague and disjointed allegations to mean that Monica Charlton was named conservator for William Charlton, an elderly disabled veteran with dementia, and that she misused William Charlton's Veterans Administration ("VA") payments, committed fraud, and violated her fiduciary duty to use the VA payments to pay for William Charlton's healthcare. (ECF No. 5.) Attached to the complaint are copies of numerous checks made on an account in the name of "Alice F. Mangrum Legal Custodian for William C. Charlton" to cover various health-related costs on behalf of William Charlton. (*See* ECF No. 1-1.)

For relief, Mangrum asks the court to "make Monica Charlton give Alice Mangrum money she and Danny Charlton spent on William Charlton['s] bills" in the amount of $33,689.01; provide a written apology to "Alice, Danny, Lucinda, Gary, Gerry, anyone else she got on the computer and told lies about"; and "call Adult Protection and tell them she lied to them" about Mangrum and Danny Charlton abusing William Charlton. (ECF No. 1, at 3.)

As Judge Griffin explained in her R&R, the federal courts of the United States are not courts of general jurisdiction. The court adopts in its entirety Judge Griffin's statement of the law regarding the plaintiff's burden to establish the existence of jurisdiction and her conclusion that the complaint in this case fails to allege facts suggesting that federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332 exists.

In her objection, the plaintiff attempts to address the question of jurisdiction by arguing that "she [Monica Charlton] knows why I can't file with the state. VA is Federal. I tr[i]ed filing with Dickson County Court. I was told I couldn't. An Adult Protection Services Agent Jan Poole told Monica to turn over money to us. Monica refused. Jan Poole was state." (ECF No. 16, at 1.) As Judge Griffin recognized, the parties are all residents of Tennessee, so diversity jurisdiction does not exist, and the plaintiff's allegations, including her assertions that she "can't file with the state" and other new facts set forth in her objection, are insufficient to establish a discernable federal question.

Specifically, the plaintiff does not allege that the defendant defrauded the VA. Even if she did, the plaintiff would not have standing to bring suit based on fraud upon the VA. The plaintiff does allege facts suggesting that the defendant breached her fiduciary duty to William Charlton, but this type of fraud claim arises solely under state law. While it is unclear whether the plaintiff would have standing to bring a fraud claim on behalf of William Charlton in state court, it is abundantly clear that she has no basis for bringing it in federal court.

## III. Conclusion

The record fully supports the magistrate judge's conclusions and recommendations. Accordingly, the Court hereby **OVERRULES** the plaintiff's objection to the R&R, **ACCEPTS** the magistrate judge's recommendation in its entirety, and **DISMISSES** this action **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. All pending motions are **TERMINATED as moot**.

It is so **ORDERED**.

This is the final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

ALETA A. TRAUGER
United States District Judge